ROBERT. W. SHERIDAN, Appellee, vs. THE PEORIA RAIL-
WAY COMPANY, Appellant.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*Supreme Court cannot consider ques-
tion of amount of damages in a negligence case.* The amount of
damages in an action for personal injury is purely a question of
fact finally settled by the judgment of the Appellate Court and not
subject to review in the Supreme Court.

2. SAME—*appellee is entitled to damages if appeal was taken
only for delay.* Where the only question raised either in the Ap-
pellate Court or the Supreme Court is that the damages awarded
in a personal injury case were excessive the appeal to the Su-
preme Court must be regarded as taken only for delay, and the
appellee is entitled, under the statute, to damages on the amount
of the original judgment.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit Court
of Peoria county; the Hon. N. E. WORTHINGTON, Judge,
presiding.

PINKNEY & MCROBERTS, and JOSEPH A. WEIL, for
appellant.

DAILEY & MILLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The appellee, Robert W. Sheridan, recovered a judg-
ment for $2500 in the circuit court of Peoria county against
the appellant for damages resulting from injuries charged
to have been caused by negligence of the appellant.   An
appeal was taken to the Appellate Court for the Second
District, and appellant by its brief and argument sought a
reversal on the sole ground that the damages awarded were
excessive.   The judgment was affirmed by the Appellate
Court, and a further appeal was prosecuted to this court.

The appellant has filed in this court the same brief and argument which was filed in the Appellate Court. No proposition of law is presented by the brief or argument, and the whole complaint is, that the amount awarded by the jury as damages, and for which the judgment was rendered, is greater than actual damages suffered by the appellee. After presenting the views of counsel on that subject the argument concludes in the same words addressed to the Appellate Court, as follows: "We therefore urge that this honorable court by its order will either compel appellee to enter a reasonable *remittitur* consistent with the damages sustained, or that a reversal of the case be entered because of the excessive judgment obtained."

The amount of damages caused by the negligence of the appellant was purely a question of fact finally settled by the judgment of the Appellate Court and not subject to review in this court. The appellant, in prosecuting its appeal, could not have been ignorant of the nature of that question, which has been decided in a great number of cases running through the Reports, from *Wabash, St. Louis and Pacific Railway Co.* v. *Peyton,* 106 Ill. 534, down to and including *Smith* v. *Chicago, Peoria and St. Louis Railway Co.* 236 id. 369. No other question was raised in the Appellate Court and none is raised here. The conclusion is inevitable that an appeal taken on a ground which this court could not consider must have been taken for delay, and under section 23 of chapter 33 of the Revised Statutes the appellee is entitled to damages on the amount of the original judgment.

The judgment of the Appellate Court is affirmed, with ten per cent damages on the amount for which the judgment of the trial court was rendered.

*Judgment affirmed.*