## William R. Smith, Administrator, Appellee, v. Chicago & Eastern Illinois Railway Company et al., Appellants.

1. NEGLIGENCE—*liability of lessor company.*   A lessor or licensor is not only liable for its own negligence but also liable for the negligent acts of the lessee in the operation and management of its trains over the lessor's tracks.

2. NEGLIGENCE—*when question of fact.*   Whether or not it is negligence to run two freight trains at the rate of thirty to forty miles per hour past a platform where passengers are lawfully and rightfully waiting to board a train, is a question of fact for the jury to determine.

Action in case for death caused by alleged wrongful act.   Appeal from the Circuit Court of Montgomery county; the Hon. J. C. McBRIDE, Judge, presiding.   Heard in this court at the May term, 1911.   Affirmed.   Opinion filed October 14, 1911.

GEORGE B. GILLESPIE and HOMER T. DICK, for appellants; GLENNON, CARY, WALKER & HOWE, GILLESPIE & FITZGERALD, E. H. SENEFF and D. R. KINDER, of counsel.

HILL & BULLINGTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff as administrator to recover for the death of his wife, alleged to have been caused by reason of the negligence of the defendants.   Trial below resulted in a judgment against both defendants for $2000, from which they appeal.

The declaration contains six counts all alleging, that the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, hereafter called the Big Four, owned and operated a line of railway through the county of Montgomery, state of Illinois, and that the defendant, Chicago and Eastern Illinois Railroad Company, here-

after called the Eastern Illinois, by virtue of a license from the Big Four, ran and operated its trains over the road owned by the Big Four from Irving to St. Louis; that the deceased, on the 17th day of July, 1909, became a passenger of the Eastern Illinois, to be carried from Irving, Illinois, to St. Louis, Missouri; that through and by reason of the negligence of the defendants, plaintiff's intestate was killed.

The first and second counts allege that it was the duty of the Eastern Illinois Railroad Company to provide a safe and suitable platform at its station for the purpose of permitting passengers to safely board the trains of that company, that it failed to perform its duty in this regard, and while plaintiff's intestate was a passenger and upon the platform provided by the Eastern Illinois for the use of its passengers, two freight trains operated and controlled by the Big Four Railroad Company passed the platform in opposite directions at the same time, at a high and dangerous rate of speed, in violation of an ordinance of the village of Irving. The third count contains the same averments as the first and second, except it does not allege the violation of any ordinance of the village of Irving. The fifth count alleges the violation of an ordinance of the village of Irving, together with the averments of the other counts. The sixth count is virtually the same as the third and fifth counts.

There is no proof of any ordinance of the village of Irving, and the court directed a verdict as to the first, second and fifth counts.

Both defendants pleaded the general issue, and the Eastern Illinois filed one special plea, denying that it was in any manner using or operating either of the trains mentioned in the plaintiff's declaration, which passed the platform at the time of the death of plaintiff's intestate. The Big Four filed a petition for removal to the Federal Court, alleging the fraudulent joinder of the Eastern Illinois for the purpose of pre-

venting removal. The petition for removal was denied.

The evidence discloses that Irving is located on the Big Four Railroad in Montgomery county; that past the depot platform is a double track, with the depot located on the south side; between the tracks is a narrow platform for the use of passengers boarding or alighting from trains on the west bound track. The defendant Big Four owned the railroad right of way, depot and station grounds; the defendant Eastern Illinois operated its trains over the tracks of the Big Four by virtue of a contract or lease between the two companies. They employed the same station agent who sold tickets and attended to all matters relating to both roads. On July 16, plaintiff purchased for himself and deceased tickets from Irving to St. Louis over the defendant Eastern Illinois Railroad with the intention of boarding its train on the morning of the seventeenth; there was no station agent at the depot at the time this train was scheduled to pass through Irving. On the morning in question, plaintiff, with his wife, came to the station for the purpose of boarding this train. About twenty minutes before it was due to arrive, a train was seen approaching from the east, and, believing this to be the train which they were to take as passengers, they went from the depot on the south side of the tracks, across the east bound track, to the platform for west bound trains and took their position upon the platform between the two tracks. While waiting for the train to approach on the west bound track another train came from the west on the east bound track. The east bound train was known as number 70, and the west bound as number 95. After the engine and several cars of train number 70 had passed the platform where the plaintiff and deceased were standing, number 95 going west passed the platform and the pilot of this engine struck the deceased, threw her against one of the cars of train

number 70, she fell under the car and was instantly killed. These trains were run past this platform at the speed of from thirty to forty miles an hour. Plaintiff testifies that he was directed by Mr. Padgett, the station agent from whom he purchased the tickets, to go upon the platform between the tracks upon the approach of the train so that the train-men might see that passengers were there for the purpose of boarding the train. Mr. Padgett denies that he gave any such directions to plaintiff. This seems to be about the only conflict in the evidence. The evidence of the plaintiff is that they were watching train number 95 approach from the east, and did not notice number 70 coming from the opposite direction until it was too late for them to get off from the platform between the tracks.

It is contended by defendants that there is no proof of negligence against them, that the deceased and the plaintiff did not exercise due care, that the court erred in its instructions to the jury and that there is a fatal variance between the allegations of the declaration and the proof.

The only questions for this court to determine are whether the proof is sufficient to warrant the verdict and whether the law has been properly applied to the facts as proven. There can be no serious contention but that the death of plaintiff's intestate was caused either by reason of a want of due care on her part or by the negligence of one or both of the defendants. The defendant Eastern Illinois Railroad Company sold her a ticket over its road and knew that she was to go from the station of Irving to St. Louis on this train and for this purpose she came to the station provided by it for the use of its passengers to board the train. About twenty minutes before the train was due to pass Irving, she went upon the platform provided for the purpose of boarding this train when it should arrive. That she thereby became a passenger and was

entitled to all the protection of the passengers of that company there can be no contention. The train for which the Eastern Illinois Railroad Company sold her a ticket was due to pass Irving at a time when the railroad company did not furnish an agent or employe at its station for the purpose of assisting its passengers or to give them any information concerning the arrival and departure of trains; although the record does disclose that an employe was at all times, day and night, kept and maintained at the tower from which was operated the block system, and there is some evidence tending to show that plaintiff had a conversation with this servant. If the plaintiff was able to obtain any information or direction from him concerning the arrival of trains, the record fails to disclose it.

It is evident from this record that the train that the deceased was intending to board did not stop at Irving unless there were passengers to get on or off, and it is also evident that unless deceased was on the platform when the train approached, it would not stop. About the only conflict in the evidence is whether or not the agent directed her, at the time the ticket was purchased, to go upon the platform at the approach of the train so that the trainmen might see her waiting at that point. Plaintiff testifies this direction was given, and the agent denies it; it was a question for the jury to determine whether or not the direction was given. Whether such direction was given or not, it cannot be held as a matter of law that because the deceased made a mistake in believing the train which she saw approaching at or about the time the passenger train was due to pass Irving when no agent or employe of defendant was present to advise her whether the train she saw approaching was the passenger train or not, was contributory negligence and that such act by her will bar a recovery.

It is also evident from this record that if the de-

ceased had waited until she was certain the train approaching was the passenger train she was there for the purpose of boarding, it would then have been too late to have caused the train to stop.

The only question involved concerning the act of the deceased in going upon the platform at the time and under the circumstances at the time she went there was one of due care upon her part and that was a question of fact for the jury to determine from all the evidence in the case.

The deceased, at the time of her death, was a passenger on the Eastern Illinois Railroad and she was entitled to all the protection the law afforded her as such. She was killed while on the platform of this company for the purpose of boarding the train for which it had sold her a ticket. The right of way over which the Eastern Illinois Railroad company operated its trains was owned by the defendant Big Four, and the Eastern Illinois operated its trains over the tracks of the Big Four as licensee or lessee, and under the law both roads owed her the duty of committing no act of negligence that would injure her.

Under the law of this state, the lessor or licensor is not only liable for its own negligence but also liable for the negligent acts of the lessee in the operation and management of its trains over the lessor's tracks, and the defendant Eastern Illinois is liable for any injury to its passengers in the operation of its trains, whether the specific act of negligence is committed directly by it or by the company over whose tracks it operates its trains by virtue of its license or lease. Otherwise, the passengers on the road of the lessee or licensee road would be at the mercy of the lessor and all that would be necessary for lessee to escape liability would be to show the negligent act complained of committed by the lessor. It must be held that if the deceased came to her death by reason of the negligent acts of either defendant as charged in the third, fourth and sixth counts

of the plaintiff's declaration, both defendants are liable.

Whether or not it was negligence to run two freight trains past this platform at the rate of thirty to forty miles per hour when plaintiff and his intestate were lawfully and rightfully thereon as passengers waiting to board the train of the defendant Eastern Illinois Railroad Company was a question of fact for the jury to determine. In W. St. L. & P. Ry. Co. v. Peyton, 106 Ill. 534, it has been held that a railroad company is held to the exercise of due care for the safety of all persons, while exercising its franchise, whether on its own right of way or on that of another company, and it is immaterial whether the acts of negligence which caused the injury are committed by servants of the lessor or lessee company. The same doctrine is held in B. v. C. G. W. Ry. Co., 57 L. R. A. 712, and these cases further hold that to permit a licensee or lessee railroad company to escape liability for the acts of negligence of the lessor company is against public policy.

The question of variance insisted upon is that by the averments of the declaration plaintiff's intestate is alleged to have been upon the platform for the purpose of boarding the approaching train to be conveyed from the village of Irving to St. Louis, is not sustained by the proof, but the evidence is that she went on the platform with the mistaken idea that the train approaching was the one which she was intending to take as a passenger, when, in fact, it proved to be a freight train. Under the proof that plaintiff's intestate was directed to go upon this platform upon the approach of the train, and this freight train having approached near the time when the passenger train was due, and with no one at the station of whom plaintiff's intestate could inquire whether this was the proper train or not, the fact that she was mistaken and went upon the platform on the approach of a freight train passing so near the schedule time for the passenger train can-

not be held to be a variance.

Defendants criticise the instructions given on behalf of plaintiff and especially the instructions designated as number twenty-two. This instruction is not subject to the criticism insisted upon by defendants, but stated to the jury a correct principle of law, and there was no error in giving it. It is also insisted by the defendant Eastern Illinois Railroad Company that the instructions offered by it and designated as numbers four, five and six of refused instructions, should have been given to the jury; these instructions are based upon the theory that although the Eastern Illinois Railroad Company sold its ticket to plaintiff's intestate for the purpose of permitting her to become a passenger upon its railroad, and that if the train upon which she intended to become a passenger was operated over the tracks of the Big Four Railroad Company and that those tracks were not under the control and management of the defendant Eastern Illinois Company and that the deceased was killed by reason of the negligence of the Big. Four company, then the defendant Eastern Illinois Company is not liable. These instructions are not correct statements of the law, and they were properly refused.

Upon an examination of the instructions given to the jury, we are satisfied that the jury was fully instructed upon all the questions involved in this case, and that there was no error made by the court in the giving of its instructions to the jury. The court committed no error in refusing the instructions refused by it which were requested on the part of the defendants.

There being no error in this record which has been prejudicial to either of the defendants, the verdict of the jury is fully warranted by the evidence, and the judgment is affirmed.

*Affirmed.*