302        APPELLATE COURTS OF ILLINOIS.

Standard Brewing Co. v. Erie Railroad Co., 167 Ill. App. 302.

# The Standard Brewing Company, Defendant in Error, v. The Erie Railroad Company, Plaintiff in Error.

## Gen. No. 16,221.

1. CONTRIBUTORY NEGLIGENCE—*driving across railroad tracks.* In determining whether it was contributory negligence to attempt to cross railroad tracks in front of an approaching train, the fact that the crossing gate was not down may reasonably be considered as an intimation to the driver that it was safe to enter upon the crossing.

2. EVIDENCE—*when admission as to habits of care will not reverse.* If such evidence was admitted at a time when it was supposed by plaintiff's counsel and the court that there were no eye witnesses to the accident a reversal will not be ordered where no exception was taken to the receipt of such evidence.

3. NEGLIGENCE—*when defendant liable for acts of gateman not employed by it.* It is immaterial whether a gateman is employed by the owner who is the defendant or by some other railroad company using the tracks of such defendant with its consent.

Error to the Municipal Court of Chicago; the HON. W. N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 6, 1912.

W. O. JOHNSON and BULL & JOHNSON, for plaintiff in error.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Standard Brewing Company, defendant in error, plaintiff below, commenced an action to recover damages to a team of horses and wagon belonging to it, caused, as it alleged, by the negligence of the Erie Railroad Company, defendant below, in the management and control of its cars, engine and train. The trial resulted in a verdict and judgment for $700. The

Erie Railroad Company, defendant below, brings this writ of error to reverse the judgment, contending first, that the servant of the plaintiff, who was the driver of the horses was guilty of such contributory negligence as to bar a recovery; second, that the trial court erred in admitting improper evidence; third, that it erred in instructing the jury that they might assume that the negligence of the gateman in the employ of the Chicago & Western Indiana Railroad Company was the negligence of the defendant; fourth, that the court below erred in refusing to direct a verdict for the reason that it was not proved that the defendant was operating the train which caused the injury; and fifth, that the evidence fails to show any negligence on the part of the defendant.

Upon the first contention, that the servant of the plaintiff was guilty of such contributory negligence as to bar a recovery, it is urged that the evidence shows that the driver had a clear and unobstructed view of the approaching train for at least 200 to 300 feet from the point where the collision occurred, and that he was driving his horses at a smart trot and carelessly and negligently drove them in front of the train.

We think the evidence tends to show that the driver did have or could have had a clear and unobstructed view of the approaching train.  The evidence shows, however, that he was sitting in a hooded seat, which to some extent obstructed his view; and the evidence is uncontroverted that at the crossing in question, which was the crossing of the Chicago & Erie Railroad Company at or near 112th street in the city of Chicago, there was maintained and operated a gate, with a light hanging upon it to warn and prevent people driving upon the tracks when a train was approaching.  This gate was operated from a tower a little to the north and west of the crossing, and it appears that the gate was not closed by the towerman when the plaintiff's

driver drove his team upon the railroad track.

These facts presented a question to the jury and the court as to whether the plaintiff's driver was guilty of negligence in driving upon the tracks under the circumstances above stated. The fact that the gate was not down may reasonably be considered as an intimation to the driver that it would be safe to enter upon the crossing; and it was a fair question for the jury, considering the fact that the gate was not closed at that crossing, whether the driver of the plaintiff was guilty of contributory negligence.

While we might not have found if sitting as jurors, that the driver was not guilty of contributory negligence, that is not the question to be considered here upon this writ of error. The question here is whether the verdict of the jury is manifestly against the weight of the evidence, or was the result of passion and prejudice. Upon reviewing the evidence upon the question of liability, we cannot say that the verdict is so manifestly against the weight of the evidence that we are bound to reverse the judgment. Upon the whole case we are clearly of the opinion that the defendant was negligent, and we are not led to the conclusion that the judgment does not express substantial justice between the parties.

It is urged in support of the second contention or ground of reversal by the defendant that the court erred in admitting evidence concerning the carefulness of the deceased, because there were eye witnesses to the accident. It is true that Anne McNellis and Mary McNellis saw the team being driven along the street about a half a block from the track and saw the engine strike the team, and it cannot be said that they were not eye witnesses of the accident. The court admitted the testimony of Matt Weber to the effect that he knew the habits of the driver of the wagon, and that he was a very good man, a temperate man and

a careful man.   This evidence was admitted before it appeared that there were any eye witnesses to the transaction, and when it was supposed by the plaintiff that there were none.   It appears that the. case had been tried before the trial now under review, and the parties in the trial now being reviewed stipulated that any portion of the testimony of the gateman given at the former trial could be offered in evidence by either party.   This witness had given considerable testimony in the former trial in answer to questions put to him by counsel for the defendant below concerning the habitual recklessness of the driver in question in crossing tracks.   At the time the plaintiff offered the testimony regarding the habits of the deceased driver, its counsel stated to the court that he thought there was no eye witness to the accident.   Counsel for the defendant did not deny this.   Upon this statement of counsel the court admitted testimony as to the driver's habits.   No exception was preserved to the ruling.   Later on counsel for defendant introduced the testimony of the gateman mentioned above, and still later in the case the testimony of the two young girls above mentioned, one being twelve years old and the other a little over eight years of age.   Upon the introduction of the evidence of the two girls who saw the accident, the defendant's counsel moved to strike out all the testimony regarding the habits of the deceased driver.   Under the state of the record as it then stood, we do not think that the court committed reversible error in reference to this testimony.

In Illinois Central Railroad Co. v. Ashline, 171 Ill. 313, the court said: ''The evidence leaves the question in doubt whether any person saw the deceased when he was struck by the train, and when such is the case we are inclined to think the evidence admissible, but if the court erred in admitting the evidence we would not regard the error of sufficient magnitude to work a re-

versal of the judgment." Upon the authority of the above case, even if the trial court should have sustained the motion of defendant to strike out the testimony in regard to the habits of the deceased driver, we must regard the error as not of sufficient magnitude to work a reversal of the judgment.

It is next urged that the court erred in instructing the jury that they might assume that the negligence of the gateman in the employ of the Chicago & Western Indiana Railroad Company was the negligence of the defendant. The facts in relation to the operation of the gate are given in the testimony of the witness Cottrell. He testified that he was working for the Western Indiana and was towerman at 112th street and Torrance avenue; and it clearly appears we think from the evidence that he was not in the direct employ of the defendant, plaintiff in error. We think, however, that the defendant was responsible for the acts of the gateman employed on its line of tracks whether he was employed by the defendant below or by some other railroad corporation which was using its track. It is immaterial by whom the gateman was employed. Wabash etc. Ry. Co. v. Peyton, 106 Ill. 534; Illinois Central R. R. Co. v. Kanouse, 39 *id.* 272; Toledo P. etc. Ry. Co. v. Rumbold, 40 *id.* 143.

It is next urged that the court below erred in refusing to direct a verdict for the reason that it was not proved that the defendant was operating the train which caused the injury. Under the authorities cited above and others we do not think there is any question but that the defendant railroad company is liable for damage done upon its railroad tracks whether it is done by trains owned by itself or by trains operated upon its road by its license or consent. We think there was evidence, however, tending to show that it was the defendant's train which produced the injury.

In our opinion the evidence in the record warranted

the jury in rendering the verdict which was rendered and we find no substantial ground for reversing the verdict or the judgment entered thereon. The judgment is therefore affirmed.

*Affirmed.*