Boleslav Jirmalowicz, Appellee, v. Grand Trunk Western Railway Company, Appellant.

## Gen. No. 17,513.

1. PLEADING—*what is admitted by general issue.* Where it is alleged that gates at a public street or crossing were not closed while a train was passing between them as required by an ordinance of the City of Chicago, the ownership and operation of such gates is admitted by the general issue.

2. RAILROADS—*liability for failure to operate gates at crossing.* Where gates are maintained at a public street and required by ordinance to be operated, a railway company is legally bound to operate them or cause them to be operated when its trains pass, and it may be negligent in failing to so operate them whether they are in charge of a servant paid by it or by some other road.

3. RAILROADS—*when count avers general negligence.* A count sufficiently and properly avers general negligence when it alleges that defendant by its servants, etc., "so negligently and without warning to plaintiff managed its locomotive," etc.

4. RAILROADS—*ordinance requiring gates at crossing to be closed construed.* The ordinance of the city of Chicago, section 2478, which requires gates at public streets and crossings to be closed when a train or locomotive is crossing between such gates, cannot be construed to require such gates to be closed only when trains or locomotives are so crossing, but requires that they be closed on the approach thereof.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. E. M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed on remittitur. Opinion filed October 22, 1912.

KRETZINGER, ROONEY & KRETZINGER, for appellant.

FRANCIS X. BUSCH, FRANK A. ROCKHOLD and HENRY POLLENZ, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee recovered damages in the court below for personal injuries received as alleged, by being struck by appellant's engine. The declaration alleged that the appellant controlled and operated a railroad in an easterly and westerly direction along Forty-ninth street in the city of Chicago, and that on the day of the accident, as plaintiff was crossing the tracks at the intersection of Loomis and Forty-ninth streets, defendant so carelessly and negligently operated a certain engine and cars running east, that plaintiff was struck; the negligence alleged being that, contrary to the ordinance of the city of Chicago, defendant did not ring a bell on its locomotive while approaching Loomis street, nor blow a whistle, nor have its gates closed at the crossing in question at the time of the accident.

There is a conflict in the evidence as to the exact place of the accident and as to whether any warning was given of the approach of the train. Testimony

178     APPELLATE COURTS OF ILLINOIS.

Jirmalowicz v. Grand Trunk Western Ry. Co., 174 Ill. App. 176.

in behalf of plaintiff showed that he, his brother, the brother's wife and child, while returning to their home, walked along a sidewalk on the north side of Forty-ninth street to Loomis street, then turned south on Loomis street to cross the tracks; plaintiff was at this time about six or seven paces ahead of those with him. It was so dark that they could see only a few feet before them. When they reached the tracks a freight train was passing east; after it had passed, plaintiff immediately walked on and was just stepping over the last rail, when the engine of a passenger train going very fast in a westerly direction, caught in plaintiff's clothing and dragged him some distance. Plaintiff's witnesses also testified that they heard no bell or whistle warning them of the approach of the train; also, that, while there was a watch-tower at about the middle of the street at this crossing, with tracks on each side, the gates were left open. Defendant's witnesses testified that the train which struck plaintiff consisted only of an engine and a caboose car; that it was running at about six miles per hour; and that the bell was ringing while they were passing Loomis street; and that plaintiff was struck about the middle of the block west of Loomis street.

It is urged as a ground for reversal that the great weight and preponderance of the evidence was with appellant, and that appellee was guilty of contributory negligence which bars his right of recovery. We have given the evidence in the case careful consideration, both as to the alleged negligence of the defendant, appellant, and the contributory negligence, if any, of appellee. The evidence is conflicting as stated above, and it is not possible to reconcile it. Without discussing it in detail, we do not find that it preponderates in favor of appellant, or that the jury were not justified in reaching the conclusion expressed in their verdict. It was a question for the jury as to whether the conduct of appellee just before and at the time of the accident, as disclosed by the evidence, showed want

of ordinary care for his personal safety. On this question it is important to consider that when appellee's party reached the Loomis street crossing, a freight train was passing east; immediately after the freight train passed, or while it was passing, the train which struck appellee aproached the Loomis street crossing. If its bell was ringing, or its whistle blowing, the noise produced by the freight train may have prevented appellee, or his party, from hearing the bell or whistle. At any rate, it is a conceded fact that the gates were open, thus giving an implied assurance to the appellee and his party that no train was approaching, or about to cross Loomis street. Appellee testified that he looked both ways; it was dark and he failed to see or hear any train. Under the circumstances, we are of the opinion that the verdict of the jury was warranted on the issue of contributory negligence, as well as upon the issue of defendant's negligence.

It is urged that there is no evidence in the case as to the ownership and operation of the gates at Loomis street; that the evidence shows that there are two tracks, the Michigan Central and Grand Trunk railway tracks, and that the train of the defendant was on the south side of the right of way, and that, therefore, the Michigan Central tracks must have been on the side nearest to appellee. The city ordinance was admitted without objection. The ownership and operation of the gates were not put in issue, we think, but was admitted by the general issue. Chicago & E. I. R. Co. v. Schmitz, 211 Ill. 446; Chicago Union Traction Co, v. Jerka, 227 Ill. 95; McNulta v. Lockridge, 137 Ill. 270. The gates were maintained and the ordinance required their operation. The appellant was legally bound to operate them or cause them to be operated when its trains passed. Appellant was negligent, we think, in failing to operate the gates whether the gates were in charge of a servant paid by it, or by some other road. Wabash, St. L. & P. R. Co. v. Peyton, 106 Ill. 534.

It is urged that the court erred in giving instructions

180    APPELLATE COURTS OF ILLINOIS.

Jirmalowicz v. Grand Trunk Western Ry. Co., 174 Ill. App. 176.

2, 3 and 4 at the request of appellee. The second instruction told the jury that if they found from the evidence under the instructions of the court that the plaintiff had made out his case by preponderance of the evidence, as alleged in the declaration, then the jury should find the defendant guilty; and it is urged that the first count of the declaration is defective in that the breach of duty alleged of appellant is that by its servants, etc., "it so carelessly and negligently and without notice or warning to the plaintiff managed and controlled its locomotive," etc., as to injure the appellee. In our opinion, the first count sufficiently and properly avers general negligence, and that the declaration and the evidence in question formed a proper foundation for the court to give the instruction complained of. It is further urged in support of the objection to the instructions that the fourth count of the declaration, which sets out section 2478 of the ordinances of the city of Chicago, requiring that the gates at public streets or crossings shall be left closed whenever a train or locomotive is crossing any track or tracks between such gates, and averring that it thereby became the duty of appellant to keep said gates closed at such crossing upon the approach of any locomotive, and the failure of appellant so to do, is defective. Appellant insists upon a construction of the ordinance to the effect that the gates were to be closed only when trains are crossing between such gates and that, therefore, the count is defective because, under the instructions given, the jury could find defendant guilty for not lowering the gates on the approach of a train, regardless of the terms of the ordinance set out, and without any requirement of law to that effect. We cannot consent to such a construction of the ordinance. In our opinion the court did not err in the instructions complained of.

It is further contended that the damages awarded by the jury are excessive. With this contention we are inclined to agree upon an examination of the evidence

relating thereto. The judgment will be affirmed upon the plaintiff, appellee, filing a written remittitur of all damages in excess of $1,400 within ten days; otherwise the judgment will be reversed.

*Affirmed on remittitur.*

Remittitur filed and judgment affirmed October 24, 1912.