(No. 20156.—)
HOWARD GADDIE, Defendant in Error, *vs.* WILLIAM R. WHITTAKER, Plaintiff in Error.

*Opinion filed April 23, 1931—Rehearing denied June 3, 1931.*

H. D. MORGAN, and JOHN W. FLING, JR., for plaintiff in error.

Floid B. Brian, and Clarence W. Heyl, (Brian & McManus, and Heyl & Heyl, of counsel,) for defendant in error.

Mr. Commissioner Edmunds reported this opinion:

Howard Gaddie, defendant in error, filed suit for slander in the circuit court of Stark county against William R. Whittaker, plaintiff in error, alleging in the declaration that plaintiff in error on several occasions said in the hearing of divers persons that defendant in error was a thief and had stolen 500 bushels of corn from him. There was a trial by jury and defendant in error was awarded damages in the sum of $12,000. The trial court required a *remittitur* of $7000 and entered judgment against plaintiff in error for $5000 and costs. An appeal was taken to the Appellate Court, which affirmed the judgment upon condition that defendant in error would further remit the sum of $2000. This was done. The case is here on *certiorari*.

Plaintiff in error argues that the damages found by the jury were so grossly excessive as to be accounted for only on the ground of passion and prejudice, and urges that the passion and prejudice thereby manifested so tainted the whole verdict as to require a reversal of the judgment. In *Klatz* v. *Pfeffer*, 333 Ill. 90, where there was a verdict for $4200 and the Appellate Court affirmed the judgment upon condition of a *remittitur* of $1200, we held that we could not entertain such an argument, saying: "The first contention of plaintiff in error is that the damages are so grossly excessive as to demonstrate that the verdict was the result of passion and prejudice, and therefore the Appellate Court erred in not reversing the judgment entered upon the verdict. In *Sandy* v. *Lake Street Elevated Railroad Co.* 235 Ill. 194, following the decision in *City of Elgin* v. *Nofs*, 212 id. 20, and in *Chicago City Railway Co.* v. *Gemmill*, 209 id. 638, it was decided that those are questions of fact and not subject to review by this court." In *McCulloch* v. *Illinois*

*Steel Co.* 243 Ill. 464, it was said: "It is further urged that the verdict is excessive, and the argument is made that while this court does not have the power to order a *remittitur,* yet it is the duty of the court of last resort to look more carefully into the record as to errors than if the verdict were not so large. Counsel for plaintiff in error have cited no authority in support of this contention and we know of no rule of law to that effect. It has been so many times decided by this court that the amount of damages sustained by reason of a negligent act or omission is a question of fact for the jury, which is finally settled by the judgment of the Appellate Court, that it seems an unnecessary repetition to cite cases in support of this rule of law." The underlying reason for such a holding was clearly stated in *Wabash, St. Louis and Pacific Railway Co.* v. *Peyton,* 106 Ill. 534, where it was said: "Appellant refers to no textbook or reported case which holds that the assessment of damages is a question of law. On the other hand, by every rule of law it must be considered a question of fact. * * * The rules by which damages, in many cases, shall be measured are questions of law, and in such cases the court, when asked, is bound to instruct the jury as to the rule for their measurement, but it is the province of the jury to apply the rule and fix the amount. If the trial court were in such cases to instruct the jury as to the sum they should find as damages, it is not believed that anyone in the profession could be found to contend that the instruction was correct; and by what statute or rule of practice can we examine the evidence and determine whether the damages are excessive? That power was taken from this court when we were deprived of the power to consider controverted facts." Being without power to determine from the evidence whether an unwarranted sum has been awarded, we are obviously precluded from predicating error upon the sum awarded.

Plaintiff in error also complains of improper conduct upon the part of counsel for defendant in error. The only

plea filed was the general issue. The effect of this plea was to admit that defendant in error was innocent of the charge made, (*Sheahan* v. *Collins,* 20 Ill. 325,) and the only issue of fact presented in this case was whether or not plaintiff in error published the words. Witnesses for defendant in error testified to the publishing of the words complained of upon seven different occasions. While this testimony was controverted by that offered by plaintiff in error himself, his daughter and a farmhand employed by one of his tenants, the Appellate Court did not over-state the situation when it said that the weight of the evidence shows that plaintiff in error used the words charged against him and repeated them on several occasions. During the trial and in the course of the argument to the jury some unwarranted statements were made by counsel for defendant in error, but the state of the record is such that they do not call for reversal of the judgment. *North Chicago Street Railway Co.* v. *Cotton,* 140 Ill. 486.

Plaintiff in error contends that reversible error was committed in not permitting him to explain his failure to call William Dillon as a witness. It does not appear that at the time it was sought to make the explanation regarding Dillon there was any statement or showing made as to what it was proposed to prove by him. Under these circumstances it cannot be said that any error was committed. *Grosh* v. *Acom,* 325 Ill. 474.

The judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*